Filed 7/15/15  P. v. Newsome CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B261501 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA061906) |
| v. | |
| KRISHONDA RUMMED NEWSOME, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa M. Chung and Kathleen Blanchard, Judges.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Krishonda Rummed Newsome was charged in an information with one count of second degree robbery in violation of Penal Code section 211. She pleaded not guilty. Newsome's motion to set aside the information (Pen. Code, § 995) was heard and denied.

At the hearing on Newsome's motion to suppress evidence (Pen. Code, § 1538.5), Jessica Gonzalez testified she was a social worker for the Los Angeles County Department of Child and Family Services. On December 20, 2013, Gonzalez went to Newsome's home to investigate allegations called in to the department's child protection hotline. Newsome agreed to allow Gonzalez to view the interior of the home and to interview the people living there as part of the investigation. After interviewing some of the children, Gonzalez agreed to conduct the remaining interviews on another day. At Gonzalez's request, Newsome then showed Gonzalez the upstairs and downstairs rooms.

When the two women entered the master bedroom, which was apparently in disarray, Gonzalez began taking photographs on her cell phone without asking Newsome's permission. Newsome said, "Give me that phone" and grabbed it away from Gonzalez, hitting Gonzalez's lip in the process. Newsome deleted the photographs taken by Gonzalez and threw the cell phone back at her. Believing her cell phone had landed on the floor, Gonzalez attempted to locate it, but Newsome found it first and picked it up. Fearing for her safety, Gonzalez left the home without her cell phone.

At the conclusion of the hearing, defense counsel moved to suppress the photographs in Gonzalez's cell phone, arguing Gonzalez took them with without Newsome's consent in violation of Newsome's Fourth Amendment rights. In denying the motion to suppress, the trial court found that in taking the photographs, Gonzalez was reasonably acting within the scope of the inspection to which Newsome had consented.[1]

Following the denial of the suppression motion, Newsome entered into a negotiated plea of no contest to second degree robbery. Imposition of sentence was suspended and Newsome was placed on three years of formal probation. The trial court

---

[1] Even had Newsome believed Gonzalez was acting beyond the scope of consent, she had no right to forcibly take the cell phone from Gonzalez.

imposed statutory fines, fees and assessments and awarded Newsome 32 days of presentence custody credit.

At the time she entered her plea, Newsome was advised of her constitutional rights and the nature and consequences of the plea, which Newsome stated she understood. Defense counsel joined in the waivers of Newsome's constitutional rights, stipulated to a factual basis for the plea, but stated he had advised Newsome to reject the plea agreement. The trial court found a factual basis for the plea and expressly found Newsome's waivers and plea were voluntary, knowing and intelligent.

Newsome filed a timely notice of appeal, challenging the denial of her motion to suppress evidence.

We appointed counsel to represent Newsome on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On April 9, 2015, we advised Newsome she had 30 days in which to personally submit any contentions or issues she wished us to consider. We have received no response.

We have examined the record and are satisfied Newsome's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.                    STROBEL[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3